JONATHAN M. KAUFMAN, ESQ. (California State Bar No. 104576)
The Law Offices Of Jonathan M. Kaufman
220 Montgomery Street, Suite 976
San Francisco, CA 94104
Telephone: (415) 956-4765
Facsimile:  (415) 956-1664
E-Mail:    jonathan-kaufman@sbcglobal.net

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HARI SINGH SANDHU, et al., | Case No. C 07-5359 MCC |
| Plaintiffs, | PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES |
| vs. | |
| ROSEMARY MELVILLE, District Director, United States Citizenship and Immigration Services, | |
| Defendant. | |

## I. NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

Notice is hereby given that on March 28, 2008 at 9:00 a.m. or as soon thereafter as the matter can be heard in the Courtroom of the Honorable Maxine M. Chesney, United States District Judge, located at 450 Golden Gate Avenue, San Francisco, California, Courtroom 7, plaintiffs will move the Court for a summary judgment declaring that defendant Rosemary Melville, District Director of the San Francisco District Office of the United States Citizenship and Immigration Services (USCIS), has violated 8 U.S.C. Section 1255(a) and 8 C.F.R. Section 245.2 in her adjudication of plaintiff Hari Singh Sandhu's application for adjustment of status, and enjoining defendant to adjudicate plaintiff's application.

This motion will be based upon this motion, the following memorandum of points and authorities, as well as all other pleadings on file herein, and on such further discussion and argument

as the Court may hear on the matter.

## II. FACTS

Plaintiffs Hari Singh Sandhu and Sharanjit Kaur are husband and wife. Sharanjit Kaur is a citizen of the United States and Hari Singh Sandhu is a citizen of India.

Hari Singh Sandhu is the beneficiary of an approved immediate relative petition filed on his behalf by Sharanjit Kaur.

On December 2, 2004 Hari Singh Sandhu applied for adjustment of status. See Complaint, Exhibi A. On January 20, 2005 he was interviewed by a USCIS adjudications officer. See Complaint, Exhibit B. The USCIS has not rendered a decision. Plaintiffs have brought this action to compel the USCIS to adjudicate plaintiff Hari Singh Sandhu's application.

## III. STATUTORY AUTHORITY

8 U.S.C. Section1154(a)(1)(A)(i) vests the USCIS with the authority to accord immediate relative status under 8 U.S.C. Section 1151(b)(2)(A)(i) to the alien spouse of a United States citizen. To accord immediate relative status a United States citizen is required to file a petition on a Form I-130 with the USCIS in accordance with the provisions of 8 C.F.R. Section 204.1.

8 U.S.C. Section1255(a) vests the USCIS with discretion to adjust an alien's status to that of an alien lawfully admitted for permanent residence. To apply for adjustment of status an alien is required to file an application on Form I-485 in accordance with the provisions of 8 C.F.R. Section 245.2.

28 U.S.C. Section1331 vests the Court with subject matter jurisdiction over plaintiffs' complaint.

28 U.S.C. Section 1361 provides that district courts have original jurisdiction of any action in the nature of mandamus to compel an agency to perform a duty owed to a plaintiff.

5 U.S.C. Section 706(1) vests the court with the authority to compel agency action unlawfully withheld or unreasonably delayed.

Entry of summary judgment under Fed.R.Civ.P. 56(a) is warranted when, viewing the evidence

in the light most favorable to the non-moving party, there are no genuine issues of material fact and the party is entitled to a judgment as a matter of law. *Margolis v Ryan*, 140 F.3d 850, 852 (9th Cir. 1998).

### III. DEFENDANT HAS FAILED TO DISCHARGE HER DUTY

The Administrative Procedures Act (APA) provides plaintiffs with a cause of action to compel the USCIS to adjudicate their immigration case. 5 U.S.C. Section 555(b) dictates that the USCIS must proceed to conclude action on plaintiff's application within "a reasonable time". 5 U.S.C. Section 706(1) vests the Court with authority to compel agency action unreasonably delayed. "[A] claim under §706(1) can proceed only where a plaintiff asserts that an agency failed to take discrete action that it is required to take." *Norton v S. Utah Wilderness Alliance*, 542 U.S. 55, 62-65 (2004). (emphasis omitted).

28 U.S.C. Section 1361 vests the Court with discretion to grant mandamus relief if (1) plaintiffs' claim is clear and certain; (2) the duty of the INS is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *Fallini v Hodel*, 783 1343, 1345 (9th Cir.1985).

Relief is appropriate in plaintiff Hari Singh Sandhu's case. Plaintiff's claim is clear and certain and the USCIS's duty to adjudicate his application so plainly prescribed as to be free from doubt.

Plaintiff is the beneficiary of an approved immediate relative visa petition. The evidence confirms, and defendant admits, that plaintiff's adjustment application was properly filed and the requisite fee paid on December 2, 2004. The evidence confirms, and defendant admits, that plaintiff has been interviewed by a USCIS adjudications officer. See Complaint, Exhibits A and B; Answer,¶¶ 6, 7.

While plaintiffs concede that no statute or regulation establishes an exact period of time in which the USCIS must adjudicate plaintiff's application, the APA compels the USCIS to act within "a reasonable time". This statutory language demonstrates that time parameters do exist.

In plaintiffs' case "a reasonable time" can be ascertained from the USCIS's own records. The

1  agency publishes its processing dates on its internet web site. Plaintiffs were interviewed at the
2  USCIS office in San Francisco, California. According to this USCIS record, the San Francisco
3  USCIS office is now adjudicating applications for adjustment of status filed on July 19, 2007.
4  Plainiff's application was filed on December 2, 2004, more than thirty-eight months ago. Plaintiff's
5  application has been pending more than three years beyond the agency's current processing date. See
6  https://egov.uscis.gov/cris/jsps/officeProcesstimes.jsp?selectedOffice=69

7      The USCIS's failure to adjudicate exacts a financial and emotional toll on plaintiffs.

8      Plaintiffs suffer obvious emotional hardship in not knowing if they will be permitted to live
9  together permanently in the United States.

10     Because plaintiff Hari Singh Sandhu is not lawfully admitted for permanent residence he must
11 apply annually to obtain authorization to work legally in the United States. The filing fee for an
12 application for an employment authorization document is $340.00. 8 C.F.R. Section103.7(b)(1).

13     Because plaintiff is not lawfully admitted for permanent residence he may not depart the
14 United States without suffering adverse legal consequences. A departure without advance permission
15 from the USICS would constitute an automatic withdrawal of his application. 8 C.F.R. Section
16 245.2(a)(4). To obtain permission to travel, plaintiff must file an application for an advance parole.
17 The decision to grant parole is discretionary, and the application requires the payment of a $305.00
18 filing fee. 8 C.F.R. Sections 212.5 and 103.7(b)(1).

19     Moreover, plaintiff would lose important procedural and substantive rights if he were paroled
20 into the United States. He would be considered "an arriving alien". 8 C.F.R. Section1.1(q). His
21 constitutional rights would be significantly diminished. "[A]n alien seeking initial admission to the
22 United States requests a privilege and has no constitutional rights regarding is application, for the
23 power to admit or exclude aliens is a sovereign prerogative." *Landon v Plasencia*, 459 U.S. 21, 32
24 (1982).

25     Plaintiffs have been diligent in their efforts to obtain permanent residence for Hari Singh
26 Sandhu. They have appeared as required by the USCIS for fingerprint processing and an interview.

27
28

1   They have submitted the evidence the USCIS has required.

2   Apparently, the adjudication of plaintiff's application has been delayed because the USCIS has
3   been not completed background security checks. The extent of the USCIS's effort to complete the
4   security checks is, at this juncture, unknown to plaintiffs. By any measure, the USCIS has had ample
5   opportunity to conduct its investigation. It is respectfully submitted that the USCIS should now be
6   enjoined to act. A judgment should be entered against the USCIS declaring that it has failed to
7   adjudicate plaintiff Hari Singh Sandhu's application within a reasonable time. The USCIS should
8   be enjoined to adjudicate plaintiff's application for adjustment of status.

### IV. CONCLUSION

Based upon the foregoing it is respectfully submitted that this motion should be granted.

Dated: February 8, 2008

                                                                                         Respectfully submitted,

                                                                                         _____
                                                                                         JONATHAN M. KAUFMAN
                                                                                         Attorney for Plaintiffs